## Ethel M. Weakly, Plaintiff-Appellee, v. James W. Baxter and Bernice Baxter, Defendants-Appellants.

### Gen. No. 10,616.

Opinion filed December 30, 1952. Rehearing denied April 8, 1953. Released for publication April 8, 1953.

HARLAND D. WARREN, of Ottawa, and R. A. POWERS, of Streator, for appellants.

THOMAS HART KENNEDY, of Minonk, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Ethel M. Weakly brought a suit for damages in the circuit court of La Salle county, Illinois, against James W. Baxter and his wife, Bernice Baxter, for injuries to her right eye, caused by a BB-gun shot fired by their son, James Richard Baxter, a minor, of the age of four and one-half years. The complaint is in two counts. The first count is directed against both of the defendants, jointly and severally, and alleges that on January 25, 1949, James Richard Baxter was a minor boy of about four and one-half years of age and from the date of his birth to and including January 25, 1949,

he was in the exclusive care, custody, and control of the defendants, James W. Baxter and Bernice Baxter. The first count further alleges that the defendants knew that the childish instincts of the said James Richard Baxter would cause him to make use of a BB air gun in a manner to cause bodily injury and that the defendants knew that said child did not possess the discretion or ability to handle a BB air gun; that a prudent person ought to have foreseen that the failure of the defendants to restrain their said boy from gaining access to a BB air gun would result in the firing of such a gun, thereby causing bodily injury to others.

The plaintiff then alleges that on January 25, 1949 at a farm tenanted and occupied by the defendants in Groveland township, La Salle county, Illinois, the defendants negligently failed to restrain their said son from procuring a BB air gun and that the BB air gun was procured by the boy and fired by him so that a BB shot struck the plaintiff in her right eye; that the plaintiff was in the exercise of due care for her own safety; that as a result of the negligence of the defendants, the shot lodged in the plaintiff's right eye and caused her to become permanently blind, to incur much pain and suffering, and to live in fear of total blindness should she lose her other eye; that the plaintiff, at that time, was eighteen years of age with good vision in both eyes and normal health. The first count closes with a prayer for damages in the amount of one hundred thousand ($100,000) dollars from both the defendants, jointly and severally.

The second count is directed against the defendant, Bernice Baxter, only and alleges the same facts and circumstances as were alleged in the first count, except that it is limited in its application to Bernice Baxter only. In other words, the count charges that Bernice Baxter negligently failed to restrain her minor son,

9

James Richard Baxter, and that as a result of her failure her said son fired the BB gun and shot the plaintiff in her right eye with a BB shot in the same manner as is alleged in the first count. The second count closes with a demand for damages in the amount of one hundred thousand ($100,000) dollars from Bernice Baxter only.

The defendants filed a motion to strike the complaint which was overruled, then they filed their answer and state: As to the first count of the complaint the defendants denied all the allegations except that on January 25, 1949, James Richard Baxter was a minor child approximately four and one-half years of age and that on the same date the defendants occupied and tenanted a farm in Groveland township, La Salle county, Illinois. As to the second count of the complaint the defendant, Bernice Baxter, being the only defendant named in that count, denied the allegations in said count, except that she also admitted that on January 25, 1949, James Richard Baxter was a minor child of the approximate age of four and one-half years and that she resided on the farm in Groveland township, La Salle county, Illinois, on that date. The answer also applied to the third and fourth counts of the complaint, but since those counts are not involved in this appeal, the answer thereto is not of consequence at this time.

As a part of the answer the defendants also set forth certain special defenses. The first of these, referring to the first count of the complaint, charged that any injury sustained by the plaintiff was caused by or contributed to by the plaintiff's own negligence and especially that the plaintiff was negligent in having in her room a BB air gun which she knew might attract a small child. This special defense also sets forth that the injury sustained by the plaintiff was the result of the plaintiff's own negligence or of the carelessness

10

of the plaintiff's husband, or such other person as may have left the BB air gun available to the child. A special defense was also set forth to the second count of the complaint, which special defense was the same as that set forth as to the first count, except that as to the second count it applied only to the defendant, Bernice Baxter.

On August 9, 1951, the plaintiff filed a reply to the answer and special defenses in which the plaintiff denied that she was guilty of contributory negligence and in which she alleged that the defendants had been warned to exclude their minor child from the plaintiff's room. The reply denied that the injury suffered by the plaintiff was contributed to by the negligence of either the plaintiff or her husband. The reply goes on to state that the plaintiff's husband was an employee of the defendant, James W. Baxter, and as part of his employment the plaintiff's husband and the plaintiff had the exclusive right to occupy the room where this accident happened; that both the defendants knew the gun was kept in the room and that they consented to the keeping of the gun therein; that the defendants had the power to terminate the employment at any time but in spite of all this, they failed to remove the plaintiff and her husband from the room and that failure amounted to a consent by the defendants that said gun be maintained in said room; that therefore the action, or failure to act, by the defendants was the proximate cause of the injury sustained by the plaintiff.

On August 29, 1951, the defendants filed a short answer to the reply in which they denied the new matters raised in the reply. The case was submitted to a jury that found the issues against both defendants and assessed plaintiff's damages at $8,000.

The defendants filed a motion for a new trial, which was withdrawn, and they then filed a motion for a judgment notwithstanding the verdict. This motion was denied by the court and then a judgment entered on the verdict in favor of the plaintiff in the sum of $8,000, and it is from this judgment that the appeal has been prosecuted.

The only question presented is one of fact; namely, taking the evidence as presented as a whole, is there sufficient evidence to sustain the verdict of the jury? There is no question but that plaintiff's husband owned an air gun that was kept in the apartment that he and his wife occupied while he was working as a farm hand for the defendants, or that the four and one-half year old child of the defendants went into the apartment occupied by the plaintiff and shot the plaintiff in the eye, and that the eye was badly damaged. The question then arises, does the proof show any negligence on the part of the defendants that was the proximate cause of the injury to the plaintiff? It is alleged in the complaint that both the defendants knew that the air rifle was kept in the apartment of the plaintiff, and it was their duty to see that it was removed, and also their duty to keep their minor child out of the apartment of the plaintiff. Both James Baxter and Bernice Baxter, his wife, state positively that they did not know this rifle was kept in the apartment. James Baxter did say that he had seen Robert Weakly, the hired man, have an air rifle and a reading of the other evidence does not disclose that either of the defendants had any knowledge where this air gun was kept. The only evidence that might tend to show that the defendants had knowledge of where the rifle was kept was that now and then they would come into the apartment, and in doing so would come close to where the rifle was standing, but both Mr. and Mrs. Baxter deny positively that they ever saw the rifle in the apartment.

12

It is claimed in the appellee's argument that it was the duty of the defendants to see that this rifle was kept in a proper place and not to allow it to be in the apartment, and knowing where the gun was, they might have reasonably anticipated that the minor child would injure the plaintiff. In the plaintiff's argument they further state: "That the Baxters could have caused the removal of the BB gun by the simple expedient of directing their employee, Robert O. Weakly, to remove it, or they could have taken the necessary steps to prevent their four and one-half year old son from entering the Weakly kitchen, as they had been requested to do by Robert O. Weakly." There is evidence to show that Robert Weakly requested Mr. Baxter to keep the children out of the apartment, as they had been missing candy and they thought that the children might have taken some of it, but nothing was said whatsoever in regard to the danger, if any, by the use of the air gun. Just what reason Mr. Baxter would have for requesting Mr. Weakly to remove the gun from the premises is hard to ascertain, as Mr. Baxter had no control over that part of the premises in which the Weaklys were living. It was the Weakly's home and they had a right to have such things in there as the ordinary home would have.

The evidence shows that the Baxters are the parents of seven children, how many are small, we do not know, but Jimmy got into the apartment on the morning of the accident and as soon as Mrs. Baxter ascertained this, she went after him and took him out, but unbeknown to her he again went into the apartment in the afternoon and the accident occurred. Mrs. Baxter, like the ordinary housewife, would have her duties to perform in taking care of the family. The evidence shows that she was upstairs shortly before this happened, doing her household work and had Jimmy with

13

her. At the time of the shooting she did not know that Jimmy was in the other apartment.

At the time of the accident James Baxter had been away from the house for six or eight hours attending to his duties as a farmer. Certainly he would not be guilty of any negligence so far as preventing Jimmy from going into the apartment and as before stated, he swears positively that he did not know where this air gun was kept in the apartment.

The appellee, Ethel M. Weakly filed an additional abstract and made a motion to tax the costs against the appellants. The motion was taken with the case and the same is denied.

It is conceded that the parents of a minor cannot be held responsible for the torts of their minor children, and in this case the plaintiff is not trying to do so, but it is our conclusion that the evidence fails to prove negligence on the part of the defendants that was the proximate cause of the injury to the plaintiff, and the court erred in not rendering judgment in favor of the defendants notwithstanding the verdict.

The judgment appealed from is hereby reversed.

*Judgment reversed.*